UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED CHOWDHURY, on behalf of himself and all other persons similarly situated, and JEAN PLAISIR, and DARLENE SMITH, individually,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>RAJA 786 FOOD INC., ZENAB FOOD INC., SARDAR PIZZA INC., ROCKAWAY 786 FOOD INC., PENNSYLVANIA 786 PIZZA INC., PITKIN AVE 786 PIZZA INC., and RAJA S. ALI,<br><br>    *Defendants*. | No. 20-cv-04235-JRC<br><br>Magistrate Judge James R. Cho |

**ORDER (1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT, (2) CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIALS TO THE CLASS AND COLLECTIVE ACTION, AND (4) SETTING DATE FOR FAIRNESS HEARING**

Following mediation, several settlement conferences overseen by this Court, and more than half a year of private negotiations, the parties have negotiated a proposed settlement of this litigation. The terms of the proposed settlement (the "Settlement") are set forth in a proposed Settlement Agreement and Release (the "Settlement Agreement").

The Settlement resolves all three sets of claims at issue in this litigation: (1) claims for violations of the New York City Fair Workweek Law, NYC Admin. Code §§ 20-1201-1263 ("NYCFWA"), which the Plaintiffs assert on a class basis under Rule 23; (2) claims for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), which Plaintiffs assert on behalf of eleven individuals who opted to become party plaintiffs in this matter (the "FLSA

Collective Action Plaintiffs"); and (3) claims for violations of the FLSA, NYCFWA, as well as New York Labor Law, Art. 6, §§ 190 *et seq*., and Art. 19, §§ 650 *et seq*. ("NYLL"), the New York State Human Rights Law, New York State Exec. Law §296 ("NYSHRL"), and the New York City Human Rights Law, New York City Admin. Code §8-101 *et seq*. ("NYCHRL"), brought individually on behalf of the three named Plaintiffs, Mohammed Chowdhury, Darlene Smith and Jean Plaisir (the "Named Plaintiffs"). The Settlement contemplates that the members of the proposed class, the FLSA Collective Action Plaintiffs and the Named Plaintiffs will provide three different releases of claims as against Defendants Raja 786 Food Inc., Zenab Food Inc., Sardar Pizza Inc., Rockaway 786 Food Inc., Pennsylvania 786 Pizza Inc., Pitkin Ave 786 Pizza Inc., and Raja Ali (together, "Defendants").

On August 19, 2022, the Plaintiffs filed an unopposed Motion For Preliminary Approval of the Proposed Class And Collective Action Settlement. In their unopposed motion, Plaintiffs request that this Court (1) grant preliminary approval of the Settlement Agreement, including the plan of allocation in that Settlement Agreement; (2) provisionally certify a class under Rule 23 in connection with the settlement process; (3) approve the notices which are proposed to be sent to the members of the proposed Rule 23 class, and to the eleven party plaintiffs who opted in to the FLSA collective action; (4) appoint Mohammed Chowdhury as Class Representative, Granovsky & Sundaresh PLLC as Class Counsel, and Simpluris Inc. as settlement administrator; and (5) instruct the parties to appear before this Court for a Final Approval and Fairness Hearing.

Having reviewed Plaintiffs' unopposed motion and the Settlement Agreement and exhibits, the Court finds and orders as follows:

**I.    Background**

The Defendants own and operate six Domino's Pizza franchises in Brooklyn, New York.

Plaintiffs claim, *inter alia*: (1) that Defendants failed to comply with the NYCFWA, which requires that employers in New York City's fast food industry provide employees with two weeks' advance notice of their shift schedule, and further which requires that if a fast food employer makes changes to an employee's shift schedule on less than two weeks notice, or requires an employee to work a so-called "clopening shift" (a closing shift followed by an opening shift), then that employer must pay that employee premium wages; (2) that Defendants failed to pay their employees all overtime wages and all earned tips in violation of the FLSA; and (3) that the Defendants failed to provide wage statements to the Named Plaintiffs in violation of NYLL, and retaliated against Plaintiffs Chowdhury and Smith when they complained about Defendants' practices in violation of the FLSA and NYCFWA, including allegations by Plaintiff Chowdhury that his manager repeatedly punched him in the testicles when he complained about missing pay, a series of physical assaults that Chowdhury claims lead to liability under NYSHRL and NYCHRL.

Defendants dispute all of Plaintiffs' allegations in this lawsuit, and Defendants deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or the persons that they seek to represent.

The Court has considered (1) the allegations, information, arguments and authorities cited in Plaintiffs' Motion For Preliminary Approval of the Proposed Class And Collective Action Settlement; (2) the allegations, information, arguments and authorities provided by the Parties in pleadings, motions and conferences before this Court; (3) Defendants' agreement, for settlement purposes only, not to oppose provisional certification of the Class specified in the Settlement Agreement; and (4) the terms of the Settlement Agreement itself, including its definition of the proposed Class, its proposed waivers, and its exhibits, which include proposed notices to be sent

3

to the Class and the FLSA Collective Action Plaintiffs.

## II. Preliminary Approval of the Terms of the Settlement Agreement, Including the Proposed Plan of Allocation

The Parties have entered into the Settlement Agreement solely for the purpose of compromising and settling their disputes in this matter. As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) of the following class (the "Class") of individuals:

> All current and former non-exempt employees of Defendants Raja 786 Food Inc., Zenab Food Inc., Sardar Pizza Inc., Rockaway 786 Food Inc., Pennsylvania 786 Pizza Inc. and Pitkin Ave 786 Pizza Inc., at any time from April 22, 2019 to through the date of the Court's Order granting Preliminary Approval of the Settlement.

As discussed in Section III below, the Court finds that provisional certification of the Class is appropriate under Rule 23.

The Court has reviewed the terms of the Settlement Agreement and the description of the Settlement in Plaintiffs' motion. Based on that review, the Court concludes that the Settlement is within the range of possible settlement approval, and that notice to the Class of the settlement of the NYCFWA claims (and separately to the eleven FLSA Collective Action Plaintiffs of settlement of their FLSA claims), is appropriate.

The Court has also read and considered the declaration of Benjamin Rudolph Delson, Esq., in support of preliminary approval. Based on review of that declaration, as well as the Court's supervision of multiple settlement conferences in this matter, the Court concludes that the Settlement was negotiated at arm's length and is not collusive. The Court further finds that the Class Counsel were fully informed about the strengths and weaknesses of the Class's claims when they entered into the Settlement Agreement.

As to the proposed plans of allocation, both for members of the Class and for the eleven FLSA Collective Action Plaintiffs: The Court finds that the proposed plans are rationally related to the relative strengths and weaknesses of the respective claims asserted. The proposed plan of allocation is also within the range of possible approval, such that notice to the Class (and separately to the eleven FLSA Collective Action Plaintiffs of settlement of their FLSA claims), is appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement and its plans for allocating settlement funds to the Class and the eleven FLSA Collective Action Plaintiffs.

### III.   Provisional Certification under Rule 23 of the Class

The Court finds (exclusively for the present purpose of evaluating the settlement) that Plaintiffs meet all the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that Plaintiff Mohammed Chowdhury's claims are typical of the Class, and that the Plaintiffs and their attorneys would be effective Class Representatives and Class Counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability of the Class at trial. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3). Accordingly, pursuant to Rule 23(c) and 23(e), the Court certifies this Class for the purposes of settlement, notice and distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the class certification granted above shall be dissolved immediately upon

notice to Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class certification in the course of litigation, and Defendants will have the right to oppose class certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

### A. Appointment of Class Representatives

Plaintiff Mohammed Chowdhury is appointed as representative of the Class under Rule 23.

### B. Appointment of Class Counsel

Granovsky & Sundaresh PLLC is appointed as class counsel for the Class under Rule 23.

### C. Appointment of the Settlement Administrator

Simpluris Inc. is appointed Settlement Administrator to perform the necessary duties to administer the Settlement Agreement.

## IV. Approval of the Form and Manner of Distributing Notices and Opt-Out Forms to the Class and to the Collective Action Members

Plaintiffs have also submitted for this Court's approval two notices.

The first notice is proposed to be sent to the eleven FLSA Collective Action Plaintiffs, and provides them the opportunity to opt out of the settlement. All eleven FLSA Collective Action Plaintiffs affirmatively opted to become party plaintiffs to this matter and affirmatively designated Plaintiff Mohammed Chowdhury as their representative, including for purposes of settlement. However, all eleven FLSA Collective Action Plaintiffs are also members of the Class and will be receiving the Class notice and opt-out forms discussed below. In order to avoid the confusion that might arise if these eleven individuals received a notice and opt-out with respect to their NYCFWA claims, but not with respect to their FLSA claims, the Settlement Agreement proposes to provide

6

each FLSA Collective Action Plaintiff with a notice of the settlement of the FLSA claims and with the opportunity to opt out of the FLSA portion of the settlement. The Court finds the proposed notice to the FLSA Collective Action Plaintiffs fairly, plainly, accurately, and reasonably describes the terms of the proposed settlement of the FLSA claims in this matter. The Court further finds that the opportunity provided to the FLSA Collective Action Plaintiffs to opt out of the Settlement satisfies all legal and due process requirements regarding the settlement of the FLSA Collective Action component of this litigation.

The second notice is a proposed notice of the Settlement, and an opt-out form, to be sent to the members of the Class (the "Class Notice"). The second notice also encompasses proposed text and email notifications, as discussed below. The proposed Class Notice appears to be the best notice practicable under the circumstances, and appears to allow the Class Members a full and fair opportunity to consider the parties' proposed settlement and to develop a response. The proposed plan for distributing the Class Notice appears to be a reasonable method calculated to reach all Class Members who would be bound by the Settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees; (3) appropriate information about other payments that will be deducted from the settlement fund, including settlement of the Named Plaintiffs' individual claims; (4) appropriate information about how to participate in the Settlement; (5) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (6) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (7) appropriate information about how to notify the

Settlement Administrator of any address changes; and (8) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed notices, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements under Rule 23 and the FLSA. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed notice materials are hereby approved.

2. Promptly following the entry of this Order, the Settlement Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3. Within 14 calendar days of the date of entry of this Order, Defendants will provide the Settlement Administrator and Class Counsel with the information regarding Class Members in accordance with the Settlement Agreement.

4. Within 21 calendar days of the date of entry of this Order, the Settlement Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice, using each Class Member's last known address as recorded in Defendants' records (as confirmed via a "skip trace" as described in the Settlement Agreement). To the extent email addresses for Class Members are known to Defendants, the Settlement Administrator shall also email identical notice to those Class Members, as provided in the Class Notice. As to any Class Members for whom the notices are returned as undeliverable, the Settlement Administrator shall (i) perform one further "skip trace" to obtain the correct addresses for such Class Members, including using the last four (4) digits of social security numbers to obtain address information for Class Members and

shall attempt re-mailings; and (ii) shall send two texts messages, one week apart, to each such Class Member whose telephone number is known to Defendants, alerting the Class Member that they may be entitled to compensation pursuant to a class action settlement. The Settlement Administrator will periodically update Plaintiffs' Counsel and Defendants' Counsel regarding returned mailings for which it is unable to obtain corrected addresses.

5. The Settlement Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

### V.     Procedures for Final Approval of the Settlement

#### A.     Fairness Hearing

The Court hereby schedules, for **January 24, 2023 at 10:00 a.m. in Courtroom 11D South** before Magistrate Judge James R. Cho, a hearing to determine whether to grant final certification of the Class and final approval of the Settlement Agreement, including its plans for allocation (the "Fairness Hearing"). At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel.

The Fairness Hearing will serve as both a hearing to determine whether to grant final certification of the Class and final approval of the Settlement Agreement as well as a *Cheeks* conference to determine the fairness of the Settlement Agreement as related to the FLSA claims. Class Counsel shall file their petition for an award of attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 15 days prior to the Fairness Hearing.

#### B.     Deadline to Request Exclusion from the Settlement

Class Members and FLSA Collective Action Plaintiffs who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Settlement Administrator

9

("Opt-Out Statement") provided with the notices. To be effective, such Opt-Out Statements must be delivered to the Settlement Administrator and postmarked by a date certain to be specified on the Notice, which will be 30 calendar days after the Settlement Administrator makes the initial mailing of the notice.

The Settlement Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than 2 business days after receipt thereof. The Settlement Administrator also shall, within 14 calendar days after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel with a final list of all Opt-Out Statements. Also within 14 calendar days after the end of the Opt-Out Period, counsel for the Parties shall file with the Clerk of Court copies of any timely submitted Opt-Out Statements with Social Security Numbers and addresses redacted. The Settlement Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

### C. Deadline to File Objections to the Settlement

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such objections must be delivered to the Settlement Administrator and postmarked by a date certain, to be specified on the Notice, which shall be 30 calendar days after the initial mailing by the Settlement Administrator of such Notice.

The Settlement Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by email not later than 3 business days after receipt thereof. Counsel to the parties shall also file the date-stamped originals of any and all

objections with the Clerk of Court within 14 calendar days after the end of the Opt-Out Period.

### D.      Deadline for Filing Motion for Judgment and Final Approval

No later than 21 days before the Fairness Hearing, Plaintiffs and Defendants will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

### E.      Effect of Releases & Qualification for Payment

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, the Named Plaintiffs, and each individual FLSA Collective Action Plaintiff and Class Member who does not timely opt out, will release claims by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

Any individual FLSA Collective Action Plaintiff and/or Class Member who does not opt out will qualify for payment and will be sent a check or checks containing his or her distribution of the Settlement after Final Approval of the Settlement, according to the timelines for payment provided in the Settlement Agreement.

**SO ORDERED**

Dated: Brooklyn, New York
       September 23, 2022

                                        s/ James R. Cho
                                        James R. Cho
                                        United States Magistrate Judge