UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED CHOWDHURY, on behalf of himself and all other persons similarly situated, and JEAN PLAISIR, and DARLENE SMITH, individually,<br><br>    *Plaintiffs*,<br><br>v.<br><br>RAJA 786 FOOD INC., ZENAB FOOD INC., SARDAR PIZZA INC., ROCKAWAY 786 FOOD INC., PENNSYLVANIA 786 PIZZA INC., PITKIN AVE 786 PIZZA INC., and RAJA S. ALI,<br><br>    *Defendants*. | No. 20-cv-04235-JRC<br><br>Magistrate Judge James R. Cho |

**ORDER GRANTING FINAL APPROVAL OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS AND APPROVAL OF THE REQUESTED ATTORNEY'S FEES**

This matter comes before this Court on Plaintiffs' Motion for Final Approval of the Proposed Class and Collective Action Settlement, Certification of the Settlement Class and Approval of Attorney's Fees and Costs (Dkt. No. 59) ("Final Approval Motion"). Defendants join in the motion for Final Approval of the Class and Collective Action Settlement and Certification of the Settlement Class, but take no position on the motion for Approval of Attorney's Fees and Costs. After reviewing the underlying motion, the supporting Memorandum of Law in Support (the "Memorandum"), the Declaration of Benjamin Rudolph Delson dated January 3, 2023 ("Delson Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motion, the Court hereby finds as follows:

1.      The Court grants final approval of the settlement memorialized in the Settlement Agreement, attached to the Delson Decl. as Exhibit A, and "So Orders" all of its terms, which are incorporated herein, except to the limited extent provided in Paragraph 6 below. Capitalized terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, unless otherwise defined herein.

2.      The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met, warranting class certification for purposes of effectuating settlement.

3.      Mohammed Chowdhury, whom the Court previously appointed as Class Representative, and Granovsky & Sundaresh PLLC, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

4.      The Court hereby certifies the following class (the "Class") for settlement purposes pursuant to Fed. R. Civ. P. 23(e):

> All current and former non-exempt employees of Defendants Raja 786 Food Inc., Zenab Food Inc., Sardar Pizza Inc., Rockaway 786 Food Inc., Pennsylvania 786 Pizza Inc. and Pitkin Ave 786 Pizza Inc., at any time from April 22, 2019 to September 23, 2022 (the date of the Court's Order granting Preliminary Approval of the Settlement).

5.      The Court approves the proposed terms of the Class Settlement (denominated the "NYC FWWL Settlement" in the Settlement Agreement). The Court finds that sufficient notice of the proposed Class Settlement was given to bind all Class Members, except to the limited extent provided in Paragraph 6 below, and that the settlement is, in all respects, fair, adequate, and

reasonable.

6. All Class Members will be bound by § 4.1 of the Settlement Agreement and the release described therein, except that any Class Member who was not employed by any Defendant prior to January 1, 2022, and who did not receive notice of this settlement through the process ordered by this Court on September 23, 2022, shall not be bound by § 4.1 of the Settlement Agreement.

7. The Court approves the FLSA Settlement (denominated the "Wage and Hour Settlement" in the Settlement Agreement) within the purview of *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). The parties have provided sufficient information for the Court to determine that the proposed FLSA Settlement is fair and reasonable.

8. Those Opt-Ins listed in § 3.3(ii) of the Settlement Agreement who sign and deposit their Individual Settlement Check will be bound by § 4.2 of the Settlement Agreement and the release described therein.

9. The Named Plaintiffs will be bound by § 4.3 of the Settlement Agreement and the release described therein.

10. The attorneys at Granovsky & Sundaresh PLLC who prosecuted this case as Class Counsel are experienced employment lawyers and have been zealous advocates for the Plaintiffs in this action. The Court grants the request for attorneys' fees and costs and awards Granovsky & Sundaresh PLLC (i) $240,000.00 in attorneys' fees, representing Thirty Percent of the Gross

Settlement Fund, plus (ii) $5,000.00 in partial reimbursement of Class Counsel's costs in this action. The fee award is justified by the work that Class Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims. This amount shall be paid from the Gross Settlement Fund in the amounts and on the dates specified in § 3.1(v) of the Settlement Agreement.

11.     If no appeal is taken from this Order, the Effective Date of the Settlement Agreement will be thirty-one days from the date of entry of this Order.

12.     If any party or any individual with standing takes an appeal from this Order, the Effective Date of the Settlement Agreement will be the date of the Court's entry of any final order and judgment approving the settlement after any appeals are fully and finally resolved.

13.     The Defendants shall fully fund the Qualified Settlement Fund (or "QSF") through payments made in the amounts and at the times provided in § 3.1(ii) of the Settlement Agreement

14.     The Settlement Administrator shall distribute the funds in the QSF in the amounts and at the times provided in § 3.1(v) of the Settlement Agreement.

15.     This action is hereby dismissed with prejudice.

16.     The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

17. The Parties shall abide by all terms of the Settlement Agreement.

18. Class Member RABIUL ISLAM has timely and properly opted out of the New York City Fair Workweek Law class action settlement (Dkt. No. 57-1).

**SO ORDERED.**

Dated: Brooklyn, New York
January 25, 2023

s/ James R. Cho
The Honorable James R. Cho
United States Magistrate Judge
